1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    JOSE GUZMAN,                           No. C 07-3052 SI (pr)

9              Petitioner,                  **ORDER TO SHOW CAUSE**

10        v.

11   BEN CURRY, warden,

12             Respondent.
                                    /
13   _____

14                        **INTRODUCTION**

15        Jose Guzman, an inmate at the Correctional Training Facility in Soledad, filed this <u>pro

16   se</u> action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now

17   before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing

18   Section 2254 Cases.  His <u>in forma pauperis</u> application also is before the court for consideration.

19

20                        **BACKGROUND**

21        Guzman was convicted in the Los Angeles County Superior Court of second degree

22   murder and was found to have used a firearm in the offense.  In 1990, he was sentenced to 15

23   years to life in prison plus two years.  His petition does not challenge his conviction but instead

24   challenges a decision by the Board of Parole Hearings ("BPH") at a November 4, 2003 hearing

25   that found him not suitable for parole.  Guzman states that he presented his claims in a state

26   habeas petition to the California Supreme Court before he filed this action. (Guzman's challenge

27   to the 2005 parole denial is asserted in Case No. C 07-3051 SI.)

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Guzman alleges that the BPH's decision to find him unsuitable for parole violated his right to due process in that there was no evidence to support the decision. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006). Guzman's insufficient evidence claim also appears to allege that the evidentiary deficiency violated state law rules. A state prisoner can only seek the writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. The part of the insufficient evidence claim that asserts a state law error is dismissed without leave to amend.

Guzman alleges that the state court denied him "his right to a complete and meaningful review of his claims in violation of state and federal due process" by not giving adequate and timely consideration to his habeas petition challenging the parole denial. Petition, p. 13. Errors in the state collateral review process are not addressable through federal habeas corpus proceedings because they pertain to the review process itself and do not generally represent an attack on the prisoner's detention. See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The claim is dismissed without

1    leave to amend.

2

3                                          **CONCLUSION**

4          For the foregoing reasons,

5          1.     The federal due process claim based on the alleged insufficiency of the evidence

6    to support the BPH's decision is cognizable and warrants a response.  All other claims are

7    dismissed.

8          2.     The clerk shall serve by certified mail a copy of this order, the petition and all

9    attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

10   of California.  The clerk shall also serve a copy of this order on petitioner.

11         3.     Respondent must file and serve upon petitioner, on or before **October 12, 2007**,

12   an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

13   showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

14   answer a copy of all portions of the parole hearing record that have been previously transcribed

15   and that are relevant to a determination of the issues presented by the petition.

16         4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse

17   with the court and serving it on respondent on or before **November 16, 2007**.

18         5.     The in forma pauperis application is DENIED because Guzman has sufficient

19   funds in his inmate account to pay the filing fee.  (Docket # 2.)  Guzman must pay the $5.00

20   filing fee no later than **September 7, 2007**.  Failure to pay the filing fee by the deadline will

21   result in the dismissal of this action.

22         IT IS SO ORDERED.

23   DATED: July 26, 2007                    _____
                                                  SUSAN ILLSTON
24                                            United States District Judge

25

26

27

28

                                              3