1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  ELIZABETH S. KIM, State Bar No. 166599
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5715
    Fax:  (415) 703-5843
8   Email:  Elizabeth.Kim@doj.ca.gov

9  Attorneys for Respondent Ben Curry, Acting Warden

10

11          IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15 **JOSE GUZMAN,** | C07-3052 SI (pr) |
| 16                          Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17          v. | |
| 18 **BEN CURRY, Warden** | Judge:    The Honorable |
| 19                          Respondent. | Susan Illston |

20

21     TO PETITIONER JOSE GUZMAN, IN PRO PER:

22     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules

23  Governing § 2254 Cases in the United States District Courts, Respondent Ben Curry, Acting

24  Warden of Correctional Training Facility, moves the Court for an order dismissing the above-

25  entitled action on the ground that Petitioner Guzman's habeas petition is time-barred under the

26  applicable one-year statute of limitations.

27     This motion is based on this notice and the motion, the supporting memorandum of points

28  and authorities, the pleadings, the records, and the files in this case and Petitioner's prior case.

Notice of Mot. & Mot. to Dismiss                                    *Guzman v. Curry*
                                                                    C07-3052 SI (pr)

**STATEMENT OF RELEVANT FACTS**

In this petition Petitioner challenges as unlawful a November 4, 2003 decision by the Board of Parole Hearings denying him parole. (Pet.) This is Petitioner's second habeas petition challenging the same November 2003 parole denial. Petitioner's first habeas petition pertaining to this denial was filed in April 2005 (Case No. C05-1732 SI), and the petition was denied by this Court on October 23, 2006 due to Petitioner's failure to exhaust his state court remedies. (Case No. C05-1732 SI, Docket 13; *see also* Pet. at 1.) In dismissing that case, the Court stated that because the California Supreme Court had rejected Petitioner's habeas petition with a citation to *People v. Duvall*, 9 Cal.4th 464 (Cal. 1995), it was a rejection on procedural grounds and the state court never examined the merits of the case. (Case No. C05-1732 SI, Docket 13, Order of Dismissal at 2; Ex. 1.) Thus, Petitioner had failed to exhaust, and the Court stated the petition must be dismissed because there were "no claims as to which state court remedies have been exhausted." (Case No. C05-1732 SI, Docket 13, Order of Dismissal at 2.)

The Court dismissed Petitioner's first petition without prejudice, and urged Petitioner "to act swift to exhaust his state court remedies and immediately file a new federal habeas petition after he receives a decision from [the California Supreme Court] to avoid running afoul of the one-year statute of limitations." (Case No. C05-1732 SI, Docket 13, Order of Dismissal at 2, emphasis original.) On November 2, 2006, Petitioner filed a new habeas petition with the California Supreme Court challenging the Board's November 2003 parole denial. (Ex. 2.) The petition was denied on May 9, 2007 with the state court's citation to *In re Clark*, 5 Cal.4th 750 (Cal. 1993) and *In re Miller*, 17 Cal.2d 734 (Cal. 1941). (Ex. 3.)

Initially, after Petitioner was denied parole in November 2003, he filed a habeas petition with the Los Angeles County Superior Court on January 5, 2004 challenging that decision. (Ex. 4.) In a reasoned decision dated May 7, 2004, the superior court denied the petition on the ground that the Board's decision was supported by some evidence in the record. (*Id.*) Petitioner did not file a petition with the state appellate court, but next filed a habeas petition with the California Supreme Court, and that petition was denied with the state supreme court's citation to *Duvall* as indicated above. (Ex. 1.)

1    In summary, Petitioner filed the following state and federal habeas petitions that challenged

2  the Board's November 2003 parole denial:

3       • L.A. County Superior    Filed 1/5/04    Denied 5/7/04 (some evidence)

4       • Cal. Supreme Court      Filed 6/4/04    Denied 3/23/05 (citing *Duvall*)

5       • U.S. Dist. Ct. (05-1732) Filed 4/26/05  Dismissed 10/23/06 (failure to exhaust)

6       • Cal. Supreme Court      Filed 11/2/06   Denied 5/9/07 (citing *Clark/Miller*)

7       • U.S. Dist. Ct. (07-3052) Filed 6/12/07  Pending

8                                    **ARGUMENT**

9            **THE HABEAS CORPUS PETITION MUST BE DISMISSED**
             **BECAUSE IT IS TIME-BARRED UNDER THE ONE-YEAR**
10           **STATUTE OF LIMITATIONS.**

11      The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that "[a]1-year

12  period of limitation shall apply to an application for a writ of habeas corpus by a person in

13  custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  This one-year

14  limitation period applies to all 28 U.S.C. § 2254 habeas corpus petitions filed by persons in

15  custody pursuant to the judgment of a state court. *Shelby v. Bartlett*, 391 F.3d 1061, 1063-65

16  (9th Cir. 2004).

17      In habeas petitions challenging the Board's parole decisions, the limitation period begins

18  to run from "the date on which the factual predicate of the claim or claims presented could have

19  been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd v.*

20  *McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003).  The one-year limitation period is statutorily

21  tolled, however, during the time "a properly filed application for State post-conviction or other

22  collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *Redd*, 343 F.3d at 1080-81, 1084

23  (once prisoners "file their state habeas petitions, they get the benefit of statutory tolling until state

24  habeas review is complete").

25      Here, the date of the "factual predicate" or the basis of Petitioner's habeas petition was

26  the date the Board's November 4, 2003 decision became final, or February 2, 2004.  (Pet'r Ex. B

27  at 49.)  Therefore, the statute of limitation began to run on February 3, 2004, the day after the

28  decision became final, and Petitioner had until February 2, 2005 to file his federal habeas

Notice of Mot. & Mot. to Dismiss                                          *Guzman v. Curry*
                                                                          C07-3052 SI (pr)

1   petition. *Shelby,* 391 F.3d at 1066; *Redd,* 343 F.3d at 1084. Thus, absent tolling, Petitioner's

2   habeas petition is time-barred because his current petition was filed on June 12, 2007, more than

3   two years after the limitation period ran.

4           **A.    Petitioner's Claims Are Time-Barred Due to Lack of Tolling Between**
            **the Two Rounds of His State Court Filings.**
5

6           Although the limitation period is tolled during the time a properly filed application for

7   state post-conviction or other collateral review is pending, 28 U.S.C. § 2244(d)(2), it is not tolled

8   during the period between the state supreme court's denial of review on petitioner's first

9   application and petitioner's filing of second application. *Biggs v. Duncan,* 339 F.3d 1045, 1048

10  (9th Cir. 2003). Also, an application for federal habeas corpus relief does not statutorily toll the

11  limitations period, to give litigants "a powerful incentive [ ] to exhaust all available state

12  remedies before proceeding in the lower federal courts." *Duncan v. Walker,* 533 U.S. 167, 172-

13  73, 180, 181-82 (2001).

14          Here, after his parole denial, Petitioner filed a habeas petition with the Los Angeles

15  County Superior Court on January 5, 2004. (Ex. 4.)  Petitioner then filed a habeas petition with

16  the California Supreme Court which was denied on March 23, 2005. (Ex. 1.) Thus, Petitioner

17  was entitled to statutory tolling from January 5, 2004 to March 23, 2005. 28 U.S.C. §

18  2244(d)(2). As of March 23, 2005, however, Petitioner had completed his full round of collateral

19  review; therefore, he ceased to have an application for collateral review pending as of that date.

20  *Biggs,* 339 F.3d at 1048. Thus, the time period between California Supreme Court's denial of

21  Petitioner's first habeas petition (March 23, 2005) and the date of the filing of his second habeas

22  petition to the state supreme court (November 2, 2006), an approximate one-year-seven-month

23  period, was not tolled due to Petitioner having completed his first round of his collateral review

24  on March 23, 2005. *Biggs,* 339 F.3d at 1048. Moreover, under the United States Supreme Court

25  authority, the time period between the filing of his federal petition (April 25, 2005) to the date of

26  the denial of the petition (October 23, 2006) was not tolled because a federal habeas petition does

27  not statutorily toll the limitations period. *Duncan,* 533 U.S. at 172-73, 180, 181-82.

28  Consequently, when Petitioner attempted to exhaust his state court remedies by filing his second

1   habeas petition with the California Supreme Court on November 2, 2006, he did so

2   approximately seven months after the federal limitations period had already expired. *Id.*; *Biggs*,

3   339 F.3d at 1048. Therefore, Petitioner's federal habeas petition filed on June 12, 2007 was filed

4   after the expiration of the one-year limitations period and should be dismissed.

5       **B.    Alternatively, the Petition Is Time-Barred Due to an
              Unreasonable Delay Between his State Court Filings.**

6

7       If this Court should determine that Petitioner did not complete one full found of his state

8   collateral reviews as of March 23, 2005 because the California Supreme Court's denial of his

9   habeas petition was not on the merits (ex. 1), his federal petition is nonetheless time-barred

10  because of an unreasonable delay between his state court filings.

11      Although the one-year limitation period is statutorily tolled during the time a properly

12  filed application for collateral review is pending, 28 U.S.C. § 2244(d)(2), to count as "pending"

13  the days between the time the lower court reached an adverse decision and the day the prisoner

14  filed a petition in the higher court, the petition to the higher court must have been filed within a

15  reasonable time. *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 849-50, 854 (2006) (six months

16  of unexplained delay found unreasonable); *Culver v. Director of Corrections*, 450 F. Supp. 2d

17  1135, 1140-41 (C.D. Cal. 2006) (unexplained 71-day and 97-day delays between dismissal of one

18  state collateral relief petition and the filing of another found unreasonable).

19      Here, the Los Angeles County Superior Court issued its reasoned decision denying

20  Petitioner's habeas petition on May 7, 2004. (Ex. 4.) Petitioner next filed a petition with the

21  California Supreme Court, but this Court found that this petition did not exhaust Petitioner's

22  state court remedies because the state court had rejected the petition on procedural grounds. (Ex.

23  1; Case No. C05-1732 SI, Docket 13, Order of Dismissal at 2.) Thus, on November 2, 2006,

24  Petitioner again attempted to exhaust his state court remedies by filing a renewed habeas petition

25  in the state supreme court. (Ex. 2.) Because the time period from the filing of his federal

26  petition (April 25, 2005) to the date of the dismissal of the petition (October 23, 2006) was not

27  tolled, *Duncan,* 533 U.S. at 172-73, 180, 181-82, when Petitioner filed his renewed habeas

28  petition with the California Supreme Court in November 2006, it was filed two-and-one-half

Notice of Mot. & Mot. to Dismiss                                    *Guzman v. Curry*
                                                                     C07-3052 SI (pr)

1    years after the superior court denied his petition in May 2004. (Exs. 2 & 4.) The United States

2    Supreme Court has found a six-month unexplained delay between state court filings to be

3    unreasonable and not subject to tolling. *Evans*, 126 S. Ct. at 849-50, 854. Thus, here, the over-

4    two-year delay between the state court filings is unreasonable, and Petitioner is not entitled to

5    have tolled the period of time between January 5, 2004 to May 9, 2007. (Exs. 2-4.) Petitioner's

6    federal petition, therefore, is time-barred.

7         If in this case, out of equitable considerations, the Court were to toll the time period that

8    Petitioner's first federal habeas petition was pending, April 26, 2005 to October 23, 2006 (a one-

9    year-five month-27-day period), Petitioner's current federal petition would still be time-barred.

10    With this time-period tolled, when Petitioner returned to the California Supreme Court on

11    November 2, 2006 to exhaust his state court remedies, he did so eleven months and 28 days after

12    the superior court's denial of his petition. (Exs. 2, 4.) Thus, he only had two days to file his

13    federal habeas petition after California Supreme Court's denial of his petition. The California

14    Supreme Court denied his habeas petition on May 9, 2007 (ex. 3), but Petitioner filed the current

15    petition on June 12, 2007. Therefore, he filed the federal petition about a month after his

16    limitations period expired, and now his petition is time-barred.

17    \\\

18    \\\

19    \\\

20

21

22

23

24

25

26

27

28

Notice of Mot. & Mot. to Dismiss

*Guzman v. Curry*
C07-3052 SI (pr)

1

## CONCLUSION

2    Petitioner's habeas corpus petition was filed beyond the one-year limitations period;

3    therefore, Respondent respectfully requests a dismissal of his petition with prejudice.

4    Dated:  October 5, 2007

5                                 Respectfully submitted,

6                                 EDMUND G. BROWN JR.
                                  Attorney General of the State of California

7                                 DANE R. GILLETTE
                                  Chief Assistant Attorney General
8
                                  JULIE L. GARLAND
9                                 Senior Assistant Attorney General

                                  ANYA M. BINSACCA
10                                Supervising Deputy Attorney General

11

12

13                                ELIZABETH S. KIM
                                  Deputy Attorney General
14                                Attorneys for Respondent

15   20106684.wpd
     SF2007200610
16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Mot. & Mot. to Dismiss                              *Guzman v. Curry*
                                                              C07-3052 SI (pr)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Guzman v. Curry**

Case No.:    **C07-3052 SI (pr)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>October 5, 2007</u>, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**
(W/ EXHIBITS)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jose Guzman
E-53800
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **October 5, 2007**, at San Francisco, California.

| M. Xiang | |
| --- | --- |
| Declarant | Signature |

20107321.wpd