# EXHIBIT 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| Date: MAY 7, 2004 | | | |
|---|---|---|---|
| Honorable: DAVID S. WESLEY | Judge | L. TOWNSEND | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH002577
IN RE:
JOSE GUZMAN
        Petitioner
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered Petitioner's Writ of Habeas Corpus filed on January 5, 2004. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Terms ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that Petitioner is unsuitable for parole. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 667; *see* Cal. Code Regs., tit. 15, §2402.)

On April 26, 1990 Petitioner was received into custody after he was convicted of second-degree murder with use of a deadly weapon in violation of Penal Code §§187 and 12022.5. Petitioner was also convicted of assault with a deadly weapon in violation of Penal Code §245. Petitioner was sentenced to seventeen years to life. His minimum eligible parole date was April 27, 2000.

On November 4, 2003, after having served more than thirteen years, the Board conducted a subsequent parole suitability hearing. The Board found Petitioner unsuitable for parole and issued a one-year denial.

Petitioner's Writ of Habeas Corpus challenges the Board's decision. At issue is whether the record supports the Board's finding.

The evidence submitted to the Board established that Petitioner was having an affair with a woman 38 years his junior. (*See* November 4, 2003 Parole Hearing Transcript, 11-14.) The woman was also the mother of Petitioner's grandchild by his son and the daughter of Petitioner's best friend. (*See id.* at 44-46.) The woman tried to break off the affair, and Petitioner became angry and retrieved a rifle. (*See id.*) He then confronted the woman and her father, victim Pasqaul Garcia, shooting the victim twice and killing him. (*See id.* at 11-14 and 44-46.) He then fired "a couple more shots" at others who were present before the rifle was taken away from him. (*See id.*) No one else was injured. (*See id.*)

Petitioner states that he was intoxicated the day of the commitment offense and doesn't have any memory of the incident or "how it happened." (November 4, 2003 Parole Hearing Transcript, *supra*, at 11-12.) He apparently had been drinking for many days preceding the crime. (*See id.*)

Petitioner reports that he began drinking at age 13 or 14. (*See* November 4, 2003 Parole Hearing Transcript, *supra*, at 14-15.) He was born in Mexico and has thirteen siblings. (*See id.* at 16.) He has been married since

1

Minutes Entered
05-07-04
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| Date: MAY 7, 2004 | | | |
|---|---|---|---|
| Honorable: DAVID S. WESLEY | Judge | L. TOWNSEND | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH002577
IN RE:
JOSE GUZMAN
      Petitioner
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

1960 to Sophia Hernandez, with whom he has six children. (*See id.* at 18.) He has no formal education. (*See id.*) Petitioner reports that he has not talked about the commitment offense with his wife and is not certain she is aware of the circumstances surrounding the crime. (*See id.* at 33-34.) Aside from the commitment offense, Petitioner has no criminal or juvenile record. (*See id.* at 16.)

Since his incarceration, Petitioner has participated in education courses and is currently working towards taking his GED. (*See* November 4, 2003 Parole Hearing Transcript, *supra*, at 19-20.) He is a participant in Alcoholics Anonymous and Narcotics Anonymous. (*See id.* at 20.) He has completed computer courses but no vocations, which he states he is not allowed to participate in because of his age, 73. (*See id.* at 20-21, 31, and 35.) Petitioner has not received any 115 disciplinary violations since his incarceration. (*See id.* at 21.)

The counselor's report indicates that Petitioner "pose[s] a low degree of threat." (November 4, 2003 Parole Hearing Transcript, *supra*, at 22.) The psychological report states that Petitioner "poses an extremely low risk if released." (*Id.* at 23-24.)

Petitioner has an INS hold and plans to parole to Mexico with his wife, who currently lives in Los Angeles. (*See id.* at 25.) He received several letters of support from friends and family offering a place to live in the Southern California area but no letters from anyone in Mexico. (*See id.* at 25-32.) He hopes to work at a small business. (*See id.* at 31.)

The Board determined that the commitment offense, wherein the victim was shot and killed and others were shot at but uninjured, was the "paramount reason[]" for the denial. (November 4, 2003 Parole Hearing Transcript, *supra*, at 44-47.) The Board noted that the motive was inexplicable or trivial and that the crime "demonstrate[d] an exceptionally insensitive disregard for human sufferings." (*Id.*) Further, the Board concluded that Petitioner had an unstable social history based on his prior alcohol abuse and his illegal entry into the United States. (*See id.*) Finally, while the Board noted Petitioner's educational accomplishments and absence of any institutional misconduct, it found that Petitioner had failed to sufficiently participate in self-help and had inadequate parole plans. (*See id.*)

The record reveals that the Board's findings are supported by "some evidence." (*Rosenkrantz, supra,* 29 Cal.4th at 667.) However, the Court rejects the reasons behind the Board's finding that Petitioner has an unstable social history. Prior alcohol abuse and illegal immigration status, do not, in and of themselves, necessarily mean that Petitioner has had "unstable or tumultuous relationships with others." (Cal. Code Regs.,

2

Minutes Entered
05-07-04
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: MAY 7, 2004 | | | |
|---|---|---|---|
| Honorable: DAVID S. WESLEY | Judge | L. TOWNSEND | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH002577
IN RE:
JOSE GUZMAN
           Petitioner
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

---

tit. 15, §2402(c)(3).) Rather, more indicative of Petitioner's unstable social history is the fact that he had an affair, while married, with his son's girlfriend and his best friend's daughter, and ended up killing his best friend. Thus, while there is support for the Board's findings, it is not for the reasons provided by the Board. (Cal. Code Regs., tit. 15, §2402(d)(2).)

Nonetheless, the Board's findings as to the nature of the commitment offense, the inadequacy of Petitioner's parole plans, Petitioner's unstable social history, and Petitioner's need for further self-help are supported by "some evidence." (*Rosenkrantz, supra*, 29 Cal.4th at 667; *see* Cal. Code Regs., tit. 15, §2402.) Accordingly, the petition is denied.

The order is signed and filed this date.

A copy of this order is sent via U.S. Mail addressed as follows:

 

                                  Jose Guzman  E-53800
                                  P.O. Box 689  FW-205u
                                  Soledad, CA 93960-0689

Minutes Entered
05-07-04
County Clerk