UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUZMAN, | No. C 07-3052 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Jose Guzman, a prisoner at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. This matter is now before the court for consideration of respondent's motion to dismiss the habeas petition. For the reasons discussed below, the petition will be dismissed because it was not timely filed.

## BACKGROUND

Guzman was convicted in Los Angeles County Superior Court of second degree murder with use of a firearm and assault with a deadly weapon. In 1990, he was sentenced to 17 years to life in prison. His habeas petition does not challenge his conviction but instead challenges a November 4, 2003 decision of the Board of Prison Terms, now known as and referred to herein as the Board of Parole Hearings ("BPH"), that found him not suitable for parole.

Guzman filed state habeas petitions and one federal petition before filing this action to challenge the 2003 parole denial.

1     <u>First round of state habeas petitions</u>: Guzman filed a habeas petition in Los Angeles County Superior Court on January 5, 2004. The petition was denied on May 7, 2004. He then filed his first habeas petition in the California Supreme Court on June 4, 2004. The petition was denied on March 23, 2005 with a citation to <u>People v. Duvall</u>, 9 Cal. 4th 464 (Cal. 1995).

    <u>First federal petition</u>: Guzman filed his first federal petition on April 26, 2005. After respondent's motion to dismiss was denied, respondent filed an answer and Guzman filed a traverse. Once briefed, the petition was under submission for six months before being dismissed on October 23, 2006 for failure to exhaust state court remedies.

    <u>Second round of state habeas petitions</u>: Guzman filed a second habeas petition in the California Supreme Court on November 2, 2006. That petition was denied on May 9, 2007, with a citation to <u>In re Clark</u>, 5 Cal. 4th 750 (Cal. 1993), and <u>In re Miller</u>, 17 Cal.2d 734 (Cal. 1941).

    <u>Current federal petition</u>: The petition in this action was stamped "filed" on June 12, 2007. The petition was signed May 15, 2007, did not have a proof of service attached to it, and the envelope in which it arrived had no readable postmark. The envelope in which the petition came to the court also contained Guzman's inmate trust account statement showing account activity through June 4, 2007. This indicates that the envelope did not leave the prison before June 4, 2007, whether Guzman obtained the trust account information and then put it in the envelope to mail or gave the whole package to the trust account office to provide the required information before that office mailed it. Although there is uncertainty as to whether the record supports the use of the prisoner mailbox rule, it doesn't make a difference in this case. The court will give Guzman the benefit of the doubt, apply the rule, assume the petition was given to prison officials to mail it on the date it was signed, and deem the petition filed on May 15, 2007. <u>See</u> <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), <u>vacated and remanded on other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).

2

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). There are four different possible starting dates for the one-year period in section § 2244(d).

For prisoners challenging administrative decisions such as the denial of parole, § 2244(d)(1)(D) applies, i.e., the limitation period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and the one-year limitations period begins to run on the date the administrative decision becomes final. See id. at 1066 (limitation period began to run the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the date on which the adverse administrative decision becomes final and not and not the denial of the state habeas petition. See id. at 1082.

The BPH's November 4, 2003 decision became final on February 2, 2004. See RT at 49. That is the date on which the one-year limitations period started. See Redd, 343 F.3d at 1066. The presumptive deadline for Guzman to file his federal habeas petition therefore was February 2, 2005.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A prisoner challenging an administrative decision can receive statutory tolling for the period when state habeas petitions are pending. See Redd, 343 F.3d at 1084. Guzman's first round of state habeas petitions were considered pending from January 5, 2004 through March 23, 2005, i.e., from the date on which

3

his petition was filed in the Los Angeles Superior Court through the denial of his first petition in the California Supreme Court.[1] As a result of the pendency of the first round of state habeas petitions, the new presumptive deadline to file the federal petition was March 23, 2006.

Guzman does not receive statutory tolling for the period between the end of the first round of state habeas petitions (on March 23, 2005) and the beginning of the second round (i.e., when he filed the second petition in the California Supreme Court on November 2, 2006) because they were separate rounds of habeas proceedings, see Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (not tolling limitation period during gap between successive state habeas petitions filed in the state's highest court); Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002) (excluding gap between first set of state habeas petitions and second set of state habeas petitions), and because the 19-month delay between them was far too great, see Evans v. Chavis, 546 U.S. at 201 (6-month delay between the denial of a habeas petition in the California Court of Appeal and the filing of a new habeas petition in the California Supreme Court was unreasonable and, consequently, tolling was not available during that period); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) ("gap tolling" denied during periods of ten, fifteen and eighteen months between California habeas petitions).

The pendency of Guzman's first federal petition does not result in any statutory tolling under § 2244(d)(2) because it is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

The limitations period is subject to equitable tolling, but Guzman fails to show that there was any extraordinary circumstance beyond his control that prevented him from timely filing his petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time

---

[1] The California Supreme Court denied Guzman's first petition after that court changed the rule regarding finality of orders on collateral review on January 1, 2003, and made clear that its orders denying petitions for writ of habeas corpus within its original jurisdiction are final on filing, see Cal. Rule of Court 8.532(b)(2). Therefore, the older Ninth Circuit cases of Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc), and Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001), do not apply because they relied on the former California Rule of Court that made such decisions final 30 days after issuance. The California Supreme Court's denial of Guzman's first habeas petition on March 23, 2005 was final on the day it was issued.

1  should only be granted if extraordinary circumstances beyond prisoner's control make it
2  impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled
3  in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th
4  Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).[2]

5        Guzman argues that he is entitled to equitable tolling due to this court's delay in handling
6  his earlier petition. He chastises the court for taking 18 months to decide that his earlier petition
7  was unexhausted when that problem should have been detected at the preliminary screening
8  stage. See Opposition, p. 2. His argument is unpersuasive and is factually incorrect. First,
9  Guzman's 2005 petition specifically stated that he had presented to the California Supreme Court
10 claims that were the "same as here" and that the California Supreme Court denied his petition
11 on March 23, 2005. Guzman v. Kane, C 05-1732 SI, Petition, p. 4. That allegation was
12 sufficient to get him past the initial review stage insofar as exhaustion and the court had no
13 obligation to disregard an allegation that indicated the claims had been exhausted. Second,
14 Guzman did nothing to cure the exhaustion problem when he was alerted to it by respondent's
15 answer filed March 17, 2006 in which respondent asserted non-exhaustion of state court
16 remedies in the 2005 case. Guzman instead chose to wait for the court to issue a decision. The
17 court dismissed the 2005 petition on October 22, 2006, six months after the petition was fully
18 briefed. Six months is not an unusual delay in court proceedings so as to warrant equitable
19 tolling. Further, had Guzman not waited for the court to decide the issue and simply returned

---

[2] In considering whether to grant equitable tolling, the Ninth Circuit long used the standard announced in Beeler, i.e., that there must be "extraordinary circumstances beyond a prisoner's control [that] make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted). In Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), the Supreme Court stated that, generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See id. (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The Ninth Circuit has not decided whether the standards are different or decided which to apply. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) (declining to decide whether Pace standard differs from Beeler standard). The standard selected does not affect the result here, as tolling is not warranted under the standard as articulated in Pace or Beeler.

to state court to exhaust once respondent pointed out the exhaustion problem, he could have avoided the alleged delay of 6 months. Neither the pendency of the first federal petition nor the alleged 6-month "delay" in deciding it once it was briefed amounted to an extraordinary circumstance that stood in Guzman's way, see Pace, 544 U.S. at 418, or made it impossible for him to file the federal petition on time, see Beeler, 128 F.3d at 1288. Guzman made a litigation choice not to return to state court to exhaust, and that does not warrant equitable tolling. Cf. Malcolm v. Payne, 281 F.3d 951, 963 (9th Cir. 2002) (prisoner's "understandable" choice to postpone seeking federal habeas relief while pursuing state clemency proceedings was not beyond her control and therefore did not warrant equitable tolling).

Guzman also argues that it is unfair not to consider his petition because, at 77 years old, he is old and wants to return to his home in Mexico. His age and immigration status provide no basis for equitable tolling or to otherwise excuse compliance with the statute of limitations. His imprisonment at his advanced age is largely due to the fact that he committed the murder when he was 58 years old: when the BPH issued the decision challenged in this action, Guzman was 72 or 73 years old but was only 13 years into his 17-to-life sentence.

The petition must be rejected as time-barred because it was not filed until almost fifteen months after the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 4.) The petition for writ of habeas corpus is DISMISSED because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 7, 2008

                                                SUSAN ILLSTON
United States District Judge